## Franco v. Atlantic Richfield Company

*E. Haris Baum,* for Plaintiff.
*Richard LaFarge,* for defendant.

SPORKIN, *J.,* September 29, 1977—This matter in equity arises from a challenge by plaintiff, Joseph E. Franco, to the right of defendant, Atlantic Richfield Company, to terminate its lease with plaintiff. Plaintiff also seeks affirmative relief compelling defendant to move from the terms of its offer for renewal of the said lease for an additional term and to eliminate certain terms from that original offer of renewal. Defendant filed preliminary objections to the complaint, in the nature of a demurrer, which this court sustained in an opinion dated July 18, 1977.

That order is now on appeal and plaintiff seeks to have this court allow supersedeas upon nominal bond so as to maintain the status quo pending the

outcome of that appeal. Upon consideration of the briefs and arguments of counsel, together with the original record in this case, and of our memorandum opinion sustaining defendant's demurrer, we believe that these circumstances are proper for the allowance of supersedeas by this court conditioned, however, upon entry of security in the amount of $1,000 rather than the nominal amount requested by plaintiff. We shall also maintain jurisdiction as to the issue of disposition of the supersedeas bond upon resolution of the appellate process.

The Pennsylvania Rules of Appellate Procedure expressly grant authority to the trial court, in its discretion, to allow supersedeas so as to maintain the status quo during the pendency of an appeal. Thus, Pa. R.A.P. 1701(b) provides in pertinent part as follows: "(b) *Authority of lower court or agency after appeal.* After an appeal is taken or a petition for allowance of appeal is filed in a matter or review of a quasijudicial order is sought, the lower court or other government unit may: "(1) Take such action as may be necessary to preserve the status quo, . . . grant supersedeas, and take other action permitted or required by these rules or otherwise ancillary to the appeal or petition for review proceeding."

Pa. R.A.P. 1733 further authorizes the trial court to "impose such terms and conditions as it deems just and will maintain the res or status quo pending final judgment..."

As is indicated in our memorandum opinion, referred to heretofore, this court is of the opinion that Pennsylvania common law, existing as the date of enactment of Act of November 24, 1976, P. L. 1166, 73 P.S. §201-1 et seq., specifically protected

the right of the lessor (defendant here) to end the lease relationship at the expiration of its term. Such a conclusion was not, however, easily reached and would have to be reconsidered in the event of a reversal of two decisions in similar cases now pending on appeal before our Pennsylvania Supreme Court. (The act itself, as stated in our opinion sustaining the demurrer, does not have retroactive effect and does not, therefore, specifically apply to the circumstances of the case at bar.)

Moreover, at the base of this controversy is the desire of defendant to evict plaintiff from its premises pursuant to termination of the former lease. Were there no grant of supersedeas here, defendant would surely do just that; a new tenant would then be installed by defendant to replace plaintiff and, in the event that plaintiff succees in his appeal from our order of July 18, plaintiff's victory would very possibly be a hollow one, for he would obviously have severe problems in attempting to re-enter the "leased" premises. Thus, it is our conclusion that one element of the "status quo" is the maintenances of plaintiff as possessor of the premises which are involved in this suit.

Our concern for maintaining the status quo, however, carries us farther than the situation discussed above. We also recognize that the value of commercial premises in Philadelphia continues to rise and that defendant in good faith seeks to have any current lessee pay either an increased rental or subject himself to terms and conditions of the lease which could result in an increased rental, as explained in our opinion of July 18. It is, accordingly, our belief that preservation of the status quo includes protection for defendant against the pos-

sible loss of anticipated increased rentals which it would otherwise have received during the pendency of the appeal. We will, in our discretion, as heretofore indicated, also retain continuing jurisdiction over disposition of the bond which we direct to be posted by plaintiff, so that disposition of same will be consistent with the appellate rules and with the philosophy underlying same.

Thus, in light of the foregoing discussion, we enter the following

## ORDER

And now, September 29, 1977, upon consideration of the petition of plaintiff/appellant, Joseph E. Franco, for allowance of supersedeas, the response thereto by defendant/appellee, Atlantic Richfield Company, the briefs and arguments of counsel and the relevant statutes and rules of procedure, it is hereby ordered and decreed that the said petition be and hereby is granted; that the appeal taken by plaintiff/appellant in the above entitled matter shall operate as a supersedeas and the status quo maintained; but that such allowance be specifically conditioned upon entry by plaintiff/appellant of a security in the sum of $1,000.

It is further ordered and decreed that, to maintain the status quo during the pendency of the appeal, plaintiff/appellant pay, and continue to pay the applicable rental for the premises; and that defendant/appellee supply and continue to supply plaintiff/appellant with petroleum products at the subject premises and accept and continue to accept the rental payments and ARCO credit card sales as heretofore, provided that plaintiff/appellant complies with the provisions of this supersedeas and promptly pays for the products delivered.